title by settlement set up by the defendant, would not prevail against a patent right.

RITTEN (SPOFFORD v.). See Case No. 13,-244.

## Case No. 11,865a.

### RITTEN v. UNION PAC. RY. CO.

[16 Reporter, 199.] [1]

Circuit Court, S. D. New York. July 25, 1883.

EQUITY—LIEN ON INCOME OF PROPERTY.

A creditor who has a specific lien upon the income of property which has gone from the debtor into the hands of a third party may maintain a suit in equity to enforce that lien against such third party.

On demurrer.

Simon Sterne, for orator.
A. H. Holmes, for defendants.

WHEELER, District Judge. This case is not like Walser v. Seligman, 13 Fed. 415, and Jones v. Green, 1 Wall. [68 U. S.] 330, and that class of cases which are mere creditors' bills seeking a decree against the holder of the debtor's property solely because it is the debtor's property, and the defendant has it; nor like Whipple v. Union Pac. Ry. Co. [28 Kan. 474], where a personal judgment was sought for personal injuries on the road of one of the constituent companies of the defendant before consolidation; nor like Hayward v. Andrews, 106 U. S. 672, 1 Sup. Ct. 544, or New York Guaranty Co. v. Memphis Water Co. [107 U. S. 205, 2 Sup. Ct. 279], where the equitable assignee of a purely legal right of action was seeking relief in equity,—the principles of all of which have been invoked in support of this demurrer by the defendant, the Union Pacific Railway Company. According to the allegations of the bill, the orator is the bearer of the bonds of the defendant, the Denver Pacific Railway and Telegraph Company, payable to bearer, with interest semiannually, secured on the income from the sale of its lands and the operation of its road and line which have passed by consolidation to the other defendant. He is not an assignee merely of the bonds, but is, as bearer, an original payee to whom the promise to pay runs directly. White v. Vermont & M. R. Co., 21 How. [62 U. S.] 575. The orator is not seeking to enforce any personal liability of the Union Pacific Rail-

way Company as founded upon its own undertaking or wrongful act, and does not claim that the defendant is liable for the undertakings or acts of the other. The grounds of relief upon which he stands rest entirely upon his relation to the property of the latter, the lands of the former. This relation is not that of a creditor at large merely, as mentioned by Judge Wallace in the case of Walser v. Seligman [supra]. It is that of a creditor having a specific lien upon the income of property which has gone from his debtor into the hands of the other defendants. Perhaps the debtor corporation is, by the consolidation agreement, so far left in existence that he could maintain an action at law against it and have execution, and by it reach any specific property that was the property of the debtor at the time of consolidation, if there is any such, and as to the general property of the debtor upon which he has no lien he would be obliged to exhaust that remedy as shown in the cases mentioned on that subject before proceeding against others on account of such property; but he has a lien upon this income which he has a right to pursue independently of any proceeding at law to reach other property, or any foreclosure of specifically mortgaged property. He has the clear right to avail himself of any one of all his securities by pursuing any one of the appropriate remedies for that purpose. This income is in the hands of the Union Pacific Railway Company, never was the property of the Denver Pacific, and could not be reached by judgment against that company, and the orator can have no judgment against the Union Pacific Railway Company. The bill seems to be appropriate to enforce the lien in equity. The interest coupons for several years are due, and this income is alleged to be sufficient to meet them. As the case stands the orator has his debt equal to the amount of the coupons secured upon this income large enough to meet it in the hands of the Union Pacific, which he can reach only in equity, and which the bill is appropriate to reach. Unless this is changed by the answer he seems entitled to the relief prayed for. Demurrer overruled.